UTTAL'S LEATHER STORE, INC., Respondent, *v.* OTIS ODELL and Others, Defendants, Impleaded with MELVILLE SHOE CORPORATION and MELVILLE REALTY COMPANY, INC., Appellants.

First Department, December 16, 1938.

*William F. Allen* of counsel [*Lewis A. Clarke* with him on the brief; *Clarke & Allen*, attorneys], for the appellants.

*Saul S. Brin* of counsel [*Lind, Shlivek, Marks & Brin*, attorneys], for the respondent.

PER CURIAM. So far as this record discloses there was neither actual nor constructive notice to the corporate defendants, tenants of a portion of the premises owned by the defendants Odell and Watts, and immediately adjoining the premises occupied by the plaintiff, of the clause in the plaintiff's lease restricting the character of the business for which the premises might be used. Nor was plaintiff's lease recorded.

In these circumstances the corporate defendants may not be enjoined from the selling of ladies' leather handbags in connection with the business being conducted by them, if it be found that the sale of such articles is incidental to the business authorized in the lease of the corporate defendants, and carried on by them. (*Metzger* v. *Gardencorner, Inc.*, 233 App. Div. 689; 2 Pomeroy's Equity Jurisprudence [4th ed.], § 689.) This, and all other issues, must await a trial and a full adducement of the facts.

It follows, therefore, that the order, in so far as it restrains the defendants-appellants *pendente lite*, should be reversed, with twenty dollars costs and disbursements, and the motion as to said defendants denied.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and COHN, JJ.

Order, in so far as it restrains the defendants-appellants *pendente lite*, unanimously reversed, with twenty dollars costs and disbursements, and the motion as to said defendants denied.